I concur in the majority's decision to dismiss appellant's appeal for want of a final appealable order. However, I do so for a different reason.
I disagree with the majority's conclusion appellant's "attempt" to dismiss without prejudice the remaining claims of her complaint was a nullity and said claims remain unadjudicated. (Maj. Op. at 5). Though I agree a plaintiff may not voluntarily dismiss a part of a cause of action, such is not the situation presented in the case sub judice. Assuming the trial court's August 8, 2001 Judgment Entry dismissed appellant's claim for violations of the CSPA and HSSA, appellant's October 9, 2001 Civ.R. 41(A) voluntary dismissal of all remaining claims served to conclude all matters then pending in the trial court. It was not a dismissal of a part of the remaining cause of action.
However, because the August 8, 2001 Judgment Entry did not dismiss appellant's CSPA and HSSA claims, I agree with the majority a final appealable order does not exist in this case. The August 8, 2001 Judgment Entry denies appellant's motion for judgment on the pleadings. Though it is apparent the trial court believes appellant's claims with respect to the CSPA and HSSA are barred, the judgment entry falls short of formally dismissing those claims.